# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 26-802

Caption [use short title] Shenxia v. NYC DHS

**Motion for:** Compel appellees to appear; alternatively require formal party-status statements, specific court clarification, and preservation of Appellant's rights.

**Set forth below precise, complete statement of relief sought:**

Require each docketed appellee properly before the Court to file an appearance, or require any non-appearing appellee / appropriate government counsel to state whether party status, service, representation, or jurisdiction is disputed; clarify which defendants are appellees; preserve claims; and preserve the right to cure service, seek summons/service, amendment, remand, and further proceedings.

**MOVING PARTY:** Sheng Shenxia, pro se

**OPPOSING PARTY:** All Defendants-Appellees

☐ Plaintiff ☐ Defendant

☒ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Sheng Shenxia, pro se

**OPPOSING ATTORNEY:**

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
| --- | --- |
| 127 Allen Street, Apt. 6C, New York, NY 10002 | Karin Wolfe - NYC Law Dept., Appeals Div., 100 Church St., New York, NY 10007 |
| 929-866-2533 I c81510668@gmail.com | David M. Kupfer - Kennedys CMK LLP, 400 Connell Dr., Ste. 700, Berkeley Heights, NJ 07922 |
| | Oren L. Zeve - NYS OAG (service copy; Apr. 7 filer), 28 Liberty St., New York, NY 10005 |

**Court- Judge/ Agency appealed from:** U.S. District Court, S.D.N.Y. - Hon. Andrew L. Carter, Jr.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☒ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No

Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☒ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Sheng Shenxia

**Date:** August 20, 2026

Service by: ☐ CM/ECF ☒ Other [Attach proof of service]

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Shenxia

v.

City of New York, et al.

## CERTIFICATE OF SERVICE*

Docket Number: 26-802

I, Sheng Shenxia (print name), hereby certify under penalty of perjury that on August 20, 2026 (date), I served a copy of Appellant's Motion to Compel Appellees to Appear and Motion Information Statement (Form T-1080) (list all documents)

by (select all applicable)**

___ Personal Delivery   X United States Mail   ___ Federal Express or other Overnight Courier

___ Commercial Carrier   ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Karin Wolfe | NYC Law Dept., Appeals Div., 100 Church St. | New York | NY | 10007 |
| David M. Kupfer | Kennedys CMK LLP, 400 Connell Dr., Ste. 700 | Berkeley Heights | NJ | 07922 |
| Oren L. Zeve | NYS Office of the Attorney General, 28 Liberty St. | New York | NY | 10005 |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

August 20, 2026
Today's Date

/s/ Sheng Shenxia [signature]
Signature

waiver, abandonment, lack of service, lack of jurisdiction, or claim forfeiture against a pro se litigant.

If any defendant was not served because summonses were not issued, because the district court screened or dismissed the case before service, or because Appellant was proceeding pro se and/or in forma pauperis, the proper remedy is not silent prejudice to Appellant. Federal Rule of Civil Procedure 4(m) permits the court to order service within a specified time and requires extension upon good cause. 28 U.S.C. § 1915(d) provides that officers of the court shall issue and serve process in in forma pauperis cases. Any service defect should therefore be addressed through clarification, remand, issuance of summonses, service, amendment, or further proceedings - not by treating Appellant's claims as abandoned or adjudicated on the merits against parties who avoided appearance.

The Attorney General's April 7 letter relies on personal-jurisdiction and service principles. Appellant recognizes that a party may appear to contest jurisdiction without necessarily waiving that defense. See *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972); *Vázquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 3-4 (1st Cir. 2014). But those authorities do not justify leaving Appellant in procedural uncertainty. They support the opposite: if jurisdiction, service, or party status is disputed, the dispute must be clearly identified and preserved, not hidden behind non-appearance.

Pro se filings must be construed liberally and read to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006). Where a liberal reading indicates that a valid claim may be stated, further proceedings or remand may be appropriate. *Larkin v. Savage*, 318 F.3d 138 (2d Cir. 2003).

Appellant respectfully requests that if the Court determines that any appellee is not required to appear, the Court provide a specific written explanation identifying: (1) which appellee is not required to appear; (2) whether the reason is lack of service, lack of party status, lack of jurisdiction, lack of representation, or another basis; (3) whether the issue can be cured by summons, service, amendment, remand, or further district-court proceedings; and (4) whether Appellant's claims against that person or entity remain preserved.

Appellant needs that clarification because he is pro se, has limited English ability, and must know who is actually before the Court before filing his brief.

## REQUESTED RELIEF

1. compelling each docketed appellee, or authorized counsel, to file an Acknowledgment and Notice of Appearance by a date set by the Court;
2. requiring any appellee or governmental counsel who denies service, party status, representation, or jurisdiction to file a formal statement identifying the specific appellee, specific defect, and legal basis;
3. clarifying which defendants are appellees for purposes of this appeal;

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

| | |
|---|---|
| **Sheng Shenxia,**<br>Plaintiff-Appellant, pro se,<br><br>v.<br><br>**New York City Department of Homeless Services, et al.,**<br>Defendants-Appellees. | **Case No. 26-802** |

## APPELLANT'S MOTION TO COMPEL APPELLEES TO APPEAR, OR IN THE ALTERNATIVE, TO REQUIRE A FORMAL PARTY-STATUS STATEMENT, A SPECIFIC EXPLANATION FROM THE COURT, AND PRESERVATION OF APPELLANT'S RIGHTS

Plaintiff-Appellant Sheng Shenxia, proceeding **pro se** and self-represented, respectfully moves under Federal Rule of Appellate Procedure 27 and Second Circuit Local Rule 12.3(a) for an order compelling all defendants-appellees listed on this Court's docket to file an Acknowledgment and Notice of Appearance, or, in the alternative, requiring each non-appearing appellee or relevant governmental counsel to state on the docket whether that appellee denies party status, service, representation, or this Court's jurisdiction.

Appellant is a self-represented litigant. Appellant cannot read, write, or understand English sufficiently to protect his rights without language assistance. Appellant respectfully requests that the Court consider his pro se status, language barrier, and need for clear written instructions in plain language.

This motion is necessary because the docket names numerous defendants-appellees, yet the April 7, 2026 letter from the New York State Attorney General asserts that the State defendants were not served, are not parties, and are not before this Court. That position creates immediate prejudice to a pro se appellant: Appellant cannot fairly brief the appeal, identify appellees, serve papers, preserve claims, or request proper remand while the opposing side's party status remains uncertain and shifting.

Second Circuit Local Rule 12.3(a) provides that, within 14 days after receiving the docketing notice, all parties must file the Acknowledgment and Notice of Appearance Form. This Court should enforce that rule. Any appellee who is properly before the Court must appear. Any appellee who denies that it is before the Court must say so formally, clearly, and on the docket.

Appellant does not ask the Court to enter an adverse merits ruling against any defendant who has not been properly served. Appellant asks for procedural clarity, fair notice, language-access accommodation, and preservation of rights. A defendant should not be able to remain listed as an appellee while avoiding appearance, avoiding clarification, and later using that ambiguity to argue

4. if the Court determines that any appellee is not required to appear, requiring a specific written explanation identifying that appellee, the legal reason, and whether the defect may be cured;

5. confirming that no claim against any non-appearing, unserved, or disputed-status defendant shall be deemed waived, abandoned, forfeited, or adjudicated on the merits merely because of disputed service or appearance status;

6. preserving Appellant's right to seek remand, amendment, issuance of summonses, service by the U.S. Marshal where applicable, and further proceedings in the district court;

7. directing that any disposition based on lack of service or lack of personal jurisdiction be without prejudice to proper service, amendment, remand, and further proceedings;

8. providing Appellant, as a self-represented litigant with limited English ability, clear written notice of any procedural requirement, deadline, defect, or cure opportunity; and

9. granting any other relief the Court deems just and proper.

Dated: ~~**July 6, 2026**~~ 08/20/2026

Respectfully submitted,

**Sheng Shenxia** Shengshen Xia
Plaintiff-Appellant, pro se
127 Allen Street, Apt 6C
New York, NY 10002
Email: C81510668@gmail.com
Phone: (929) 866-2533




SHENG SHE' I XIA
127 ALLEN STREET APT 6C
NEW YORK, NY 1 002

CLERK OF COURT
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
THURGOOD MARSHALL U.S. COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NY 10007

US MAIL SDNY

RE: CASE NO. 26-802